UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: STRYKER REJUVENATE AND ABG II
IMPLANT PRODUCTS LIABILITY LITIGATION          MDL No. 2441


TRANSFER ORDER


**Before the Panel**: Pursuant to 28 U.S.C. § 1407, two motions for centralized pretrial proceedings have been brought before the Panel. The cases in this litigation involve alleged defects in Stryker's Rejuvenate and ABG II modular-neck hip implant products. Plaintiffs' claims focus upon the performance of these products, particularly the hip replacement devices' propensity to cause fretting and corrosion at the modular-neck junction and fail early. The first motion, brought by plaintiffs in two District of Minnesota actions, seeks centralization of all ABG II and Rejuvenate device cases in the District of Minnesota. The second motion, as amended, was brought by plaintiff in a Northern District of Illinois action and seeks centralization of cases involving both devices in the Northern District of Illinois.

Plaintiffs' motions encompass 41 actions[1] pending in sixteen districts, as listed on Schedule A. To date, the Panel has been notified of 110 additional, potentially-related actions pending in various districts.[2]

Defendants[3] support centralization of Rejuvenate implant cases and suggest selection of the District of Minnesota as the transferee district. Responding plaintiffs in various actions and potential tag-along actions initially supported centralization of all Rejuvenate and ABG II cases[4] in one or more of the following districts: the Eastern District of Arkansas, the Northern District of California, the Northern District of Illinois, the District of Minnesota, the District of New Jersey, and the Eastern

---

[1] The Northern District of Illinois plaintiff's motion originally included a District of Massachusetts action (*Exum*), which was excluded from plaintiff's amended motion because it involved an unrelated "Accolade hip prosthetic." Three other actions included on the motions before the Panel – the Southern District of Florida *Simon* and *Eisen* actions and the Southern District of Mississippi *McGee* action – are no longer pending in federal court.

[2] These actions and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2

[3] Howmedica Osteonics Corp., Stryker Corp., and Stryker Sales Corp. (collectively Stryker).

[4] Plaintiffs in the District of New Jersey *Huxhold* potential tag-along action take no position regarding the inclusion of ABG II devices in the MDL.

District of Pennsylvania. At oral argument, moving plaintiffs and other responding plaintiffs announced that their support had coalesced around three proposed districts: the Northern District of Illinois, the District of New Jersey or the Eastern District of Arkansas.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions share factual questions concerning design, manufacture, marketing and performance of Stryker's recalled Stryker Rejuvenate and ABG II modular-neck stems. Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings on discovery and other issues, and conserve the resources of the parties, their counsel and the judiciary.

Stryker also makes two related requests. First, Stryker suggests that this MDL include only the Rejuvenate total hip system and not cases that involve ABG II devices. Next, Stryker requests that the name of the litigation be changed to "Rejuvenate Total Hip System Products Liability Litigation" to clarify that this is the only device involved in the litigation and to underscore that Stryker Corp. and Stryker Sales Corp. played no role in the manufacture or sale of the devices, which were purportedly manufactured and sold by defendant Howmedica. We will deny both requests. While most cases on the motion involve the Rejuvenate device, three cases involving ABG II devices were added to the amended motion. We are of the opinion that the devices possess sufficient commonalities to warrant placement in a single MDL proceeding, but we note that the transferee judge may deem it advisable to establish separate tracks for Rejuvenate and ABG II devices to accommodate any differences between the devices. Further, defendants are referred to, and refer to themselves, as "Stryker" on various releases and notices concerning the recall of the devices. Additionally, as plaintiffs note, "Stryker" is also prominent throughout defendants' patient website dedicated to the recall, http://www.aboutstryker.com/modularneckstems (which features a first sentence in the "Information About The Voluntary Recall" section, stating "Stryker initiated a voluntary recall of its Rejuvenate Modular and ABG II modular-neck hip stems in June 2012.").

Several parties suggested at oral argument that the litigation be centralized in a district where a large number of state court cases are pending. The goal of facilitating federal and state court coordination in multidistrict litigation is a laudable one that we share. However, we do not believe that effective coordination depends on the physical proximity of the transferee judge and the state court judge. Successful coordination, instead, hinges on the efforts of the involved judges. Indeed, in their arguments supporting transfer to the District of New Jersey, some plaintiffs cited specific examples of a state court judge in New Jersey effectively coordinating litigation with federal transferee judges located in Illinois and Missouri.

Finally, we conclude that the District of Minnesota is an appropriate transferee district for these proceedings. This district, where a plurality of actions and potential tag-along actions have been filed, has the support of the common defendants and offers a relatively accessible and geographically central forum that enjoys favorable docket conditions. After consulting with Chief Judge Michael J. Davis, the Panel determined that Judge Donovan W. Frank was the best available judge to handle this docket. Judge Frank is an experienced transferee judge who is well-versed in the

- 3 -

nuances of complex, multidistrict litigation and medical device cases. We are confident that he will steer this litigation on a prudent course.

    IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the District of Minnesota and, with the consent of that court, assigned to the Honorable Donovan W. Frank for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Paul J. Barbadoro | Marjorie O. Rendell |
| Charles R. Breyer | Lewis A. Kaplan |

IN RE: STRYKER REJUVENATE AND ABG II HIP
IMPLANT PRODUCTS LIABILITY LITIGATION       MDL No. 2441

## SCHEDULE A

Northern District of Alabama

Mary A. Forbes v. Howmedica Osteonics Corporation, C.A. No. 2:12-03781
James Randal Bernauer v. Howmedica Osteonics Corporation, C.A. No. 3:13-00508

Southern District of Alabama

Ruby Phillippi v. Howmedica Ostenics Corporation, C.A. No. 1:12-00760

District of Alaska

Mary Jane Carhart, et al. v. Stryker Corporation, et al., C.A. No. 3:12-00212

Eastern District of Arkansas

Tracy Sponer v. Howmedica Osteonics Corporation, C.A. No. 4:12-00701

Northern District of California

Sandra Viens, et al. v. Howmedica Osteonics Corporation, et al., C.A. No. 3:13-00262
Michael Leachman v. Howmedica Osteonics Corporation, et al., C.A. No. 3:13-00263
Jeffrey Lomack v. Howmedica Osteonics Corporation, et al., C.A. No. 3:13-00267
Laray Johnson v. Howmedica Osteonics Corporation, et al., C.A. No. 3:13-00268
Anthony Fletcher, et al. v. Howmedica Osteonics Corporation, et al., C.A. No. 3:13-00270

Middle District of Florida

James Gewand v. Stryker Corporation, et al., C.A. No. 3:13-00298
Paul Buley, et al. v. Howmedica Osteonics Corporation, C.A. No. 8:12-02540

Southern District of Florida

Connie Piccinonna, et al. v. Howmedica Osteonics Corporation, et al., C.A. No. 0:12-61945
Bernard G. Owen v. Howmedica Osteonics Corporation, C.A. No. 0:13-60183
Cheryl Riley v. Howmedica Osteonics Corporation, C.A. No. 0:13-60674

- A2 -

MDL No. 2441 (Continued)

    <u>Northern District of Illinois</u>

Randall Crew, et al. v. Howmedica Osteonics Corporation, et al., C.A. No. 1:13-01133
Christine Wilkinson v. Howmedica Osteonics Corporation, C.A. No. 1:13-01307
Barbara Ruben v. Howmedica Osteonics Corporation, et al., C.A. No. 1:13-02144
Robert Schwartz v. Stryker Corporation, et al., C.A. No.1:13-02299

    <u>Southern District of Illinois</u>

Patricia Anderson v. Stryker Corporation, et al., C.A. No. 3:13-00266

    <u>Eastern District of Kentucky</u>

Gary P. Wagner, et al. v. Howmedica Osteonics Corporation, C.A. No. 2:13-00038

    <u>Eastern District of Louisiana</u>

Pamelia Espat, et al. v. Stryker Corporation, et al., C.A. No. 2:13-00188

    <u>Western District of Louisiana</u>

David H. Hunter, et al. v. Stryker Corporation, et al., C.A. No. 2:12-02965
Lee Ann Pontiff v. Stryker Orthopaedics, C.A. No. 6:13-00299
Michael R. Hebert v. Stryker Orthopaedics, C.A. No. 6:13-00300

    <u>District of Massachusetts</u>

Lisa Lincoln, et al. v. Howmedica Osteonics Corporation, C.A. No. 1:13-10689

    <u>District of Minnesota</u>

Cheryl Helder, et al. v. Howmedica Osteonics Corporation, C.A. No. 0:13-00156
Jan Heitland, et al. v. Howmedica Osteonics Corporation, C.A. No. 0:13-00168
Jeffrey Mathiasen, et al. v. Howmedica Osteonics Corporation, C.A. No. 0:13-00170
Roger Towler, et al. v. Howmedica Osteonics Corporation, C.A. No. 0:13-00171

- A3 -

MDL No. 2441 (Continued)

    District of Minnesota (Continued)

Scott Bergman, et al. v. Howmedica Osteonics Corporation, C.A. No. 0:13-00216
Joan Brennan, et al. v. Howmedica Osteonics Corporation, C.A. No. 0:13-00217
Robert Davis v. Howmedica Osteonics Corporation, C.A. No. 0:13-00235
John Gjerde v. Howmedica Osteonics Corporation, C.A. No. 0:13-00236
Paul Orndorff, et al v. Howmedica Osteonics Corporation, et al., C.A. No. 0:13-00329
Wayne Berg, et al. v. Howmedica Osteonics Corporation., C.A. No. 0:13-00388
Judith Brumbaugh, et al. v. Howmedica Osteonics Corporation, C.A. No. 0:13-00611
Gerald Borgman, et al. v. Howmedica Osteonics Corporation, C.A. No. 0:13-00612
Eugene Bidinger, et al. v. Howmedica Osteonics Corporation, C.A. No. 0:13-00613

    Eastern District of Pennsylvania

Annalisa Fox v. Howmedica Osteonics Corporation, C.A. No. 2:13-01387

    District of Utah

Erma Jean Dorius Naegle, et al. v. Stryker Corporation et al., C.A. No.1:12-00240